UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                             Case No. 17-cr-20657
                                               Hon. Matthew F. Leitman

v.

CAWON LYLES,

       Defendant.

_____/

## ORDER TO SUPPLEMENT MOTION
## FOR COMPASSIONATE RELEASE (ECF No. 119)

Defendant Cawon Lyles is federal prisoner who is currently incarcerated at FCI Phoenix in Phoenix, Arizona.  On July 19, 2018, Lyles pleaded guilty in this Court to one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (*See* Rule 11 Plea Agmt., ECF No. 70.) The Court subsequently sentenced Lyles to 84 months imprisonment. (*See* Judgment, ECF No. 88.)

On August 28, 2020, Lyles filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Mot., ECF No. 33.) Under Section 3582(c)(1)(A), a defendant may not file a motion for compassionate release until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days

1

from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  The exhaustion requirement in Section 3582(c)(1)(A) is "mandatory" and is not subject to any "judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020).

Lyles has not given the Court enough information to determine whether he has satisfied this exhaustion requirement.  Therefore, the Court **DIRECTS** Lyles to file a supplement to his motion that informs the Court whether he has submitted a written request for compassionate release to the warden at FCI Phoenix.  If Lyles has submitted a written request for compassionate release to the warden at FCI Phoenix, then Lyles shall also inform the Court of the date on which he submitted the request, whether the warden responded to the request, and the date of the warden's response (if any).

If either (1) Lyles has not submitted a request for compassionate release to the warden, or (2) Lyles has submitted such a request but 30 days have not lapsed since the warden received his request, then the Court will dismiss his current motion (ECF No. 119) without prejudice.  In that event, Lyles would be permitted to file a motion seeking compassionate release upon exhausting his remedies with the warden.

Additionally, Lyles has not given the Court enough information to determine whether he is otherwise qualified for compassionate release.  Accordingly, the Court

**DIRECTS** Lyles to use his supplement to also inform the Court why he believes he

qualifies for compassionate release.

      **IT IS SO ORDERED**.

                    s/Matthew F. Leitman
                    MATTHEW F. LEITMAN
                    UNITED STATES DISTRICT JUDGE


Dated:  September 14, 2020

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 14, 2020, by electronic means and/or ordinary mail.

                    s/Holly A. Monda
                    Case Manager
                    (810) 341-9761