UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                         Case No. 17-cr-20657-3
                                        Hon. Matthew F. Leitman

v.

D3, CAWON LYLES,

      Defendant.

_____/

## <u>ORDER DENYING DEFENDANT'S MOTION<br>FOR COMPASSIONATE RELEASE (ECF No. 141)</u>

Defendant Cawon Lyles is a federal prisoner incarcerated at FCI Phoenix in Phoenix, Arizona.  On September 22, 2021, through appointed counsel, Lyles filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) ("Section 3582(c)(1)(A)"). (*See* Mot. for Compassionate Release, ECF No. 141.)  For the reasons explained below, Lyles' motion is **DENIED**.

## I

On July 19, 2018, Lyles pleaded guilty to one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (*See* Rule 11 Plea Agmt., ECF No. 70.)  Lyles' conviction arose out of an armed robbery in Flint, Michigan on December 3, 2015. (*See id.*, PageID.336.)  During the robbery, a confederate of Lyles shot and stole money from the victim. (*See id.*)

In connection with Lyles' conviction, the Court sentenced him to the mandatory minimum sentence – 84 months of imprisonment. (*See* Judgment, ECF No. 31.)  Lyles has served approximately 46 months of that sentence.  He has an anticipated release date of November 29, 2023.

On February 8, 2021, Lyles filed a request for compassionate release with the Warden of FCI Phoenix.  The Warden denied the request on March 5, 2021. (*See* ECF No. 132, PageID.782.)

Lyles then filed a letter with the Court that the Court construed as a motion for compassionate release. (*See* Ltr., ECF No. 132.)  The Court thereafter appointed counsel for Lyles (*see* Order, ECF No. 134), and counsel filed a revised motion on Lyles' behalf. (*See* Mot., ECF No. 141.)  In the motion, Lyles seeks compassionate release on two bases.  First, Lyles says that his minor son suffers from several serious health conditions and that his son's primary caregiver, his son's mother, is not able to provide sufficient care for his son. (*See id.*, PageID.854.)  Second, Lyles contracted COVID-19 in August 2021, and he is fearful of catching the virus again while in custody. (*See id.*, PageID.856.)  The Government opposes Lyles' motion. (*See* Resp., ECF No. 143.)  The Court concludes that it can resolve Lyles' motion without a hearing. *See* E.D. Mich. Local Rule 7(f)(2).

**II**

"As a general rule, 'a federal court may not modify a term of imprisonment once it has been imposed.'" *United States v. White*, 506 F.Supp.3d 524, 525 (E.D. Mich. 2020) (quoting *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.*

Section 3582(c)(1)(A) describes when a court may grant a prisoner compassionate release:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

One Judge on this Court has offered the following helpful explanation concerning how to apply Section 3582(c)(1)(A):

> Upon a proper motion […], the Court may, "[a]fter 'considering the factors set forth in section 3553(a) ... reduce the prisoner's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' […]. *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)[]). [….] Under [Section 3582(c)(1)(A)], the Court can order a reduction of a sentence, even to time

3

served, by following a procedure that the court of appeals has distilled into three steps. *First*, consider whether "extraordinary and compelling reasons warrant such a reduction." *Second*, determine if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Third*, "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Ruffin*, 978 F.3d 1000, 1004-06 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Sentencing Commission's policy statement to be considered under step two is found in U.S.S.G. § 1B1.13, which simply recites the statute. The commentary adds gloss, which does not have the force of law. *United States v. Havis*, 927 F.3d 382, 386 (6th Cir.), *reconsideration denied,* 929 F.3d 317 (6th Cir. 2019) (en banc) (holding that the "commentary has no independent legal force — it serves only to *interpret* the Guidelines' text, not to replace or modify it"). That has led the court of appeals in its evolving guidance on the subject to hold that district courts should dispense with step two when the motion for compassionate release comes from a prisoner and not the BOP. *United States v. Jones*, No. 20-3701, 980 F.3d 1098, 1109, (6th Cir. Nov. 20, 2020) ("We now join the majority of district courts and the Second Circuit in holding that the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release.") (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)).

*White*, 506 F.Supp.3d at 525 (emphasis in original).

## III

Lyles has failed to persuade the Court that "extraordinary and compelling" circumstances justify his compassionate release from custody. As described above, the primary basis for Lyles' request for compassionate release is that he needs to

care for his minor son.  According to Lyles, his son suffers from "chronic asthma and severe obstructive sleep apnea." (ECF No. 136, PageID.840.)  And Lyles says that his son's primary caregiver – his son's mother – is not capable for providing sufficient care given his son's illnesses. (*See id.*)  Lyles insists that his son's "condition in rapidly deteriorating absent the care and attention I can ensure he will receive once I am at his side" and that "[i]t is increasingly imperative that I personally attend to my son's care." (ECF No. 136, PageID.840.)

For several reasons, Lyles has not persuaded the Court that his claimed need to provide care to his son justifies his compassionate release from custody.  First, while Lyles says that his son's mother is incapable of caring for his son, he has not sufficiently established that fact.  The only evidence that Lyles relies upon is a stray comment from one of his son's medical records. (*See* ECF No. 132, PageID.823.) That record notes that Lyles' son "continues to struggle with the same issue we have been following him for the last two years. One issue has been the lack of compliance with some of our interventions." (*Id.*)  Even if the mother of Lyles' son has not been fully compliant with "some" of the "interventions" instituted by his son's physicians, that sole comment, standing alone, does not establish that the child's mother is incapable of caring for Lyles' son.  The comment does not identify the "interventions," identify their importance to his son's care, or say that Lyles' mother cannot care for her son.  Simply put, Lyles has not shown that his son's mother is

incapable for caring for his son.  Second, Lyles has not established that he would be a better caregiver than the mother of his son.  Lyles has been in custody much of his son's life, and he has not shown that he has a substantial relationship with his son or that he has the capacity to coordinate his son's medical care.  For all of these reasons, the Court is not persuaded that Lyles' son's medical conditions justify Lyles' compassionate release from custody.

Lyles also seeks compassionate release based on his fear of becoming re-infected with the COVID-19 virus.  Lyles' fear is understandable, but it does not justify his compassionate release.  Lyles was fully vaccinated while in custody (*see* ECF No. 141-4, PageID.861), and "when [a prisoner] has access to the COVID-19 vaccine," the prisoner's potential exposure to the virus while in custody "does not present an extraordinary and compelling reason warranting" release. *United States v. Lemons*, --- F.4th ---, 2021 WL 4699249, at *3 (6th Cir. Oct. 8, 2021).

Finally, the Section 3553(a)(1) factors do not support Lyles' compassionate release from custody.  The serious nature and circumstances of Lyles' offense – including the fact that the victim was shot – weigh heavily against release; Lyles' personal history and characteristics, such as his ten past criminal convictions, do not support his compassionate release; the goal of imposing sufficient punishment would not be satisfied by releasing Lyles now; and releasing Lyles would not be consistent with the goal of deterrence.  For all of these reasons, the Court concludes that

releasing Lyles at this point in his sentence would not be appropriate under 18 U.S.C. § 3553(a).

## IV

Accordingly, for the reasons explained above, **IT IS HEREBY ORDERED** that Lyles' Motion for Compassionate Release (ECF No. 141) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 20, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 20, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761