UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D3, CAWON LYLES,

    Defendant.
_____/

Case No. 17-CR-20657-3
Hon. Matthew F. Leitman

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE (ECF No. 162)**

Defendant Cawon Lyles has filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (*See* Mot., ECF No. 162.)  For the reasons explained below, Lyles' motion is **DENIED.**

**I**

On July 19, 2018, Lyles pleaded guilty to one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (*See* Rule 11 Plea Agmt., ECF No. 70.)  Lyles' conviction arose out of an armed robbery in Flint, Michigan on December 3, 2015. (*See id.*, PageID.336.)  During the robbery, one of Lyles' confederates shot and stole money from the victim. (*See id.*)  The Court subsequently sentenced Lyles to the mandatory minimum sentence – 84 months of

imprisonment. (*See* Judgment, ECF No. 88.) Lyles has now served approximately 58 months of that sentence. He has an anticipated release date of January 9, 2024.

Lyles previously filed a motion for compassionate release on September 22, 2021. (*See* Sep. 2021 Mot., ECF No. 141.) In that motion, he sought compassionate release on two bases: 1) his claim that his minor son suffered from serious health conditions and that his son's primary caregiver was not able to provide sufficient care without his assistance; and 2) his fear of the heightened risks he faced from the COVID-19 virus as an individual incarcerated in a federal prison. (*See id.*, PageID.854-856.) The Court denied that motion. (*See* Comp. Rel. Order, ECF No. 144.)

Lyles filed another motion for compassionate release on August 19, 2022. (*See* Mot., ECF No 162.) In that motion, he seeks compassionate release on the ground that his spouse sustained a number of severe injuries in a recent car accident and cannot care for herself or his children without his assistance. (*See id.*, PageID.915.) For the reasons explained below, Lyles' motion is **DENIED**.[1]

## II

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020)

---

[1] The Court concludes that it can resolve Lyles' motion without a hearing. *See* E.D. Mich. Local Rule 7(f)(2).

2

(quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.* Section 3582(c)(1)(A) describes when a court may grant compassionate release:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Court of Appeals for the Sixth Circuit has explained that the following framework governs motions for compassionate release filed by inmates:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id.* at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022).

## III

The Court declines to grant Lyles compassionate release for two independent reasons. First, Lyles has failed to persuade the Court that "extraordinary and compelling" circumstances justify his release from custody. As the Court noted above, Lyles' motion for compassionate release is based on his claim that his spouse suffered a number of debilitating injuries in a recent car accident. (*See id.*) Lyles asserts that, as a result of his spouse's injuries, he is "the only available family caregiver who can take care of his spouse and children." (Mot., ECF No. 172, PageID.915.) But Lyles has not presented sufficient evidence to support these contentions. While his motion refers to medical records documenting his wife's injuries from her car accident, he has not actually provided any such records (or any other documentation confirming the extent of his spouse's injuries). (*See id.*) Likewise, Lyles has not presented any evidence that he is the only available caregiver for his wife and children. Simply put, Lyles' claim of extraordinary and compelling circumstances is not supported by sufficient evidence.

Second (and in any event), the Section 3553(a)(1) factors do not support Lyles' compassionate release from custody. As the Court noted in its order denying Lyles' first motion for compassionate release, the serious nature and circumstances of Lyles' offense – including the fact that the victim was shot – weigh heavily against release; Lyles' personal history and characteristics, such as his ten past criminal

convictions, do not support his compassionate release; the goal of imposing sufficient punishment would not be satisfied by releasing Lyles now; and releasing Lyles would not be consistent with the goal of deterrence. For all of these reasons, the Court concludes that releasing Lyles at this point in his sentence would not be appropriate under 18 U.S.C. § 3553(a).

## IV

Accordingly, for the reasons explained above, Lyles' motion for compassionate release (ECF No. 162) is **DENIED.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 28, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 28, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126